UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUNITA KANWAR, on behalf
of herself and all others similarly situated,

                            Plaintiff,                          **REPORT AND RECOMMENDATION**

        -against-                                        CV 20-6256 (JMA)(AYS)

WALGREEN COMPANY,

                          Defendant.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

      Plaintiff, Sunita Kanwar ("Plaintiff" or "Kanwar"), commenced this action against Defendant, Walgreen Company ("Walgreen," "Defendant," or the "Defendant Company"), alleging claims arising out of the labeling of a multivitamin product marketed under the Walgreen's name and sold at its stores. (See generally Compl., DE [1].) The Complaint alleges common law claims for breach of contract and unjust enrichment, and statutory claims arising under Sections 349 and 350 of the New York General Business Law. Plaintiff seeks to represent a nationwide class of purported similarly situated individuals who purchased the product at issue herein.

      Presently before the Court, upon referral from the Honorable Joan M. Azrack, is Defendant's motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, it is respectfully recommended that the motion be granted in its entirety.

BACKGROUND

I.      <u>Plaintiff and the Product at Issue</u>

The facts set forth below are drawn from Plaintiff's Complaint and the attachments thereto. They are construed, as required in the context of the present motion, in Plaintiff's favor.

Plaintiff is an individual who resides within this District. Beginning in 2015, she began to purchase a vitamin product referred to as "Walgreens Multivitamin Womens" (the "Product") from a Walgreen store located in Nassau County. (Compl. ¶¶ 12-14.) The Product bears a label comparing it to "Centrum Womens" (the "Centrum Product"). In addition to being marketed as a low-cost generic alternative to the Centrum Product, the Product is also alleged to have been marketed as a gelatin free alternative to the more costly name brand vitamin. In support of the first claim, Plaintiff notes that a screen shot of the Defendant's website, captured on December 23, 2021 – two days before the filing of the Complaint – shows that the Product's label states, in small lettering, "Compare to Centrum Women." (Compl. ¶¶ 17-19.)

In support of the latter marketing claim (the gelatin-free claim), Plaintiff relies on the ingredient lists for the competing products. (Compl. ¶ 21.) While it is difficult to read the extremely small print, Plaintiff alleges, and the Court accepts, that the ingredient list for the Centrum Product contains gelatin, while the list for the Product does not. This exclusion of gelatin from the Product's list of ingredients is alleged to be false because the Product does, in fact, contain gelatin. The Product's ingredient list is also stated to be misleading because the list, when compared to the Centrum Product's ingredient list, creates the false impression that the Product is a gelatin-free alternative to Centrum. Specifically, Plaintiff states that Walgreen is "inducing conscious consumers to believe that [the Product] is a generic gelatin-free alternative" to the Centrum Product. (Compl. ¶¶ 19-22; <u>compare</u> Compl. at ¶ 29 (listing gelatin in the

2

Centrum Product ingredient list) <u>with</u> Compl. ¶ 30 (not listing gelatin in the Product ingredient list).)

Plaintiff states that she relied on and made her decision to purchase and take the Product based upon the labelling information set forth above. (Compl. ¶ 33.) Plaintiff states that there are individuals who, "due to allergic reactions, religious, dietary, or moral principles cannot consume gelatin, an animal product." (Compl. ¶ 8.) She seeks to represent a class of such similarly situated individuals who purchased the Product as a gelatin-free generic alternative to the Centrum Product. She defines the proposed class as including "[a]ll U.S. residents who have purchased Walgreens Multivitamin Women . . . from November 2, 2015 through the final disposition of this and any and all related actions . . . for personal use and not for resale." (Compl. ¶ 49.) Further allegations in support of Plaintiff's claim that this matter should proceed as a class action are also found in the Complaint.  (Compl. ¶¶ 50-60.)

II.     <u>FDA Regulation Relied Upon in the Complaint</u>

In addition to the facts regarding Plaintiff's purchase of the Product, and her own comparison of labels, the Complaint refers to an alleged regulation of the Food and Drug Administration (the "FDA") that is stated to have been violated by Defendant. Specifically, the Complaint refers to a final rule of the FDA entitled, "Food Labeling: Statement of Identity; Nutrition Labeling and Ingredient Labeling of Dietary Supplements; Compliance Policy Guide, Revocation." 62 FR 49826 September 23, 1997. The Complaint does not refer specifically to provisions of the referenced rule, but instead relies on the FDA's response to a frequently asked question ("FAQ") regarding the disclosure of ingredients in dietary supplements. That response refers the reader to the full rule cited in the Complaint. Referring to a FAQ, Plaintiff quotes the

3

FDA's response to the question: "Must all ingredients be declared on the label of a dietary supplement? The FDA response states:

> Yes, ingredients not listed on the "Supplemental Facts" panel <u>must</u> be listed in the "other ingredient" statement beneath the panel. The types of ingredients listed there <u>could include</u> the source of dietary ingredients, if not identified in the "Supplement Facts" panel (e.g., rose hips as the source of vitamin C), other food ingredients (e.g., water and sugar), and <u>technical additives or processing aids</u> (e.g., <u>gelatin</u>, starch, color, stabilizers, preservatives, and flavors)."

(Compl. ¶ 35 (emphasis added).)

The FDA response then directs the consumer to the Federal Register for more details, stating: "For more details, see: Federal Register Final Rule – 62 FR 49826 September 23, 1997." (https://www.govinfo.gov/content/pkg/FR-1997-09-23/pdf/97-24739.pdf). (Compl. ¶ 35.) Plaintiff reads the above-referenced material as a requirement that gelatin be included in the Product's label. (Compl. ¶ 35.)

III.  Plaintiff's Claims

As noted, Plaintiff's class action Complaint alleges causes of action for breach of contract and unjust enrichment, as well as violation of Sections 349 and 350 of the New York State General Business Law (the "GBL Claims"). Plaintiff's breach of contract claim alleges the breach of a "promise of providing a gelatin free alternative to Centrum Women by not disclosing all ingredients (i.e., gelatin)." (Compl. ¶ 63.) She claims that Walgreen benefitted from and is being unjustly enriched by its breach of promise to disclose all ingredients. (Compl. ¶ 64.) Her unjust enrichment claim also relies on the allegation that Walgreen misrepresented that the Product was marketed as a gelatin-free generic version of the Centrum Product. (Compl. ¶ 88.) Plaintiff alleges that Walgreen unjustly retained a benefit from Plaintiff and the alleged class in the form of substantial revenues and payments. This claim seeks restitution, disgorgement and/or imposition of a constructive trust on all such revenue. (Compl. ¶¶ 89-92.)

4

Plaintiff's GBL Section 349 claim alleges that Walgreen's labeling constitutes a deceptive act or business practice. Her GBL Section 350 claim alleges false advertising. Both of these statutory claims are based on the allegation that the Product was falsely marketed and advertised as a gelatin-free generic alternative to the Centrum Product. (Compl. ¶ 83.) Like her other claims, Plaintiff's GBL Section 350 claim alleges that she and class members suffered injury because they relied on the material misrepresentations alleged in the Complaint. (Compl. ¶¶ 84-85.)

Plaintiff annexes to the Complaint Exhibits A and B. Exhibit A is a letter dated December 8, 2020, advising Walgreen of its duty to provide appropriate relief for its violations of the GBL within reasonable notice of receipt of Plaintiff's notification, in accordance with New York State Civil Practice Law and Rules § 904. This notice is alleged to put Defendant on notice that Plaintiff may amend her Compliant to recover additional damages. (Compl. ¶ 77 and Ex. A, annexed thereto, DE [1-1].) Exhibit B to the Complaint is Plaintiff's declaration that this Court is the proper place for trial of her GBL claims because the Defendant Company does business and markets the Product here. (Compl. ¶ 78 and Ex. B, annexed thereto, DE [1-2].)

IV.     Procedural Posture

Plaintiff's Complaint was filed on December 25, 2020. On March 15, 2021, Defendant moved to dismiss. On April 7, 2021, the Honorable Sandra J. Feuerstein set August 9, 2021 as the date for completion of fact discovery. On June 15, 2021 this case was reassigned to District Judge Azrack. On June 29, 2021, Defendant sought a stay of the fact discovery deadline set by Judge Feuerstein, which request was denied by this Court on July 1, 2021. On October 21, 2021, the motion to dismiss was referred to this Court for Report and Recommendation.

V.      The Motion to Dismiss

    A.      Defendant's Position

Walgreen argues that the Complaint fails to allege any plausible claim. First, Defendant argues that all of Plaintiff's claims are preempted by the Federal Food, Drug and Cosmetics Act (the "FDCA"). This branch of the motion argues that Plaintiff wrongfully seeks to impose a labeling requirement under state law that is inconsistent with Federal labeling standards. In particular, it is argued that FDCA implementing regulations are clear in exempting the labeling of supplements with ingredients like gelatin that "are present in a food at insignificant levels" which "do not have any technical or functional effect . . . ." 21 CFR 101.100(a)(3)(i). Plaintiff's allegation that the Product contains "notable levels" of gelatin, (Compl. ¶¶ 1, 6, 15, 22), is stated to be insufficient to plausibly plead that gelatin is present in the Product in any amount greater than the "insignificant" levels specifically exempted by the FDCA regulation. Defendant's preemption analysis is also relied upon to support the argument that Defendant's labeling does not violate the GBL because state law cannot be interpreted to exceed Federal requirements.

The next merits-based branch of Defendant's motion seeks dismissal of Plaintiff's GBL claims because, according to Defendant, there is nothing false about the Product label, nor does the labeling at issue fall outside of the statutory safe harbor provision. Dismissal of the GBL claims is also sought on statute of limitations grounds because Plaintiff purchased the Product in 2015 and did not commence this lawsuit within the applicable three-year statute of limitations.

Defendant seeks dismissal of Plaintiff's breach of contract claim because Plaintiff fails to allege any contract with Walgreen. Even her allegations as to the existence of some implied representations regarding the Product's comparison to the Centrum Product are argued to be

6

insufficient to state a claim that Walgreen made any warranty to Plaintiff. Defendant seeks dismissal of the unjust enrichment claim as duplicative of her deficient claim for breach of contract.

Finally, Defendant argues that Plaintiff's status as a person who clearly would <u>not</u> purchase the Product in the future compels the conclusion that she lacks Article III standing to pursue any claim – class or otherwise – for injunctive relief.

B. <u>Plaintiff's Position</u>

Plaintiff opposes Defendant's motion in its entirety. She opposes the FDCA preemption argument based upon the portion of the FAQ section cited in her complaint. While she agrees that a three-year statute of limitations applies to her GBL claims, she argues that her claims are timely because the statute begins to run upon discovery of a plaintiff's injury, and not upon purchase of the product that is alleged to have caused injury. As to the merits of her GBL claims, Plaintiff argues that members of the "currently health conscious society" have a right to know the ingredients in supplements. Citing to no case law, Plaintiff simply reiterates the allegations of the Complaint to avoid dismissal of her common law claims for breach of contract and unjust enrichment. Finally, she argues that despite her current knowledge of the Product's ingredients, she is nonetheless entitled to injunctive relief because she might, in the future, suffer harm from the negligence of a different manufacturer.

Having outlined the allegations of the Complaint and the parties' positions on the pending motion, the Court turns to the merits.

DISCUSSION

I.   Legal Principles

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555). As required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendants, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); see also International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

8

Applying these principles here, the Court considers the Complaint, as well as Exhibits A and B annexed thereto. It also considers the referenced language from the FDA rule. However, in accord with the principles above, the Court will not consider the document annexed to the Attorney Affidavit filed in support of Defendant's motion to dismiss. (DE [17-2].) The Court finds that material to be outside of the scope of matters properly considered in the context of the presently pending motion directed to the pleadings.

II.     Disposition of the Motion to Dismiss

    A.     The GBL Claims Should be Dismissed as Untimely

Plaintiff's GBL claims are subject to a three-year statute of limitations. Corsello v. Verizon New York, Inc., 18 N.Y.3d 777, 789, mod. on other grounds, 18 N.Y.3d 777 (2012). The statute begins to run on the date that the plaintiff was injured. Id. at 790. The "date of discovery rule is not applicable and cannot serve to extend that limitations period." Fero v. Excellus Health Plan, Inc., 502 F. Supp. 3d 724, 736 (W.D.N.Y. 2020); see also Marshall v. Hyundai Motor Am., 51 F. Supp. 3d 451, 461 (S.D.N.Y. 2014) (stating that the GBL Section 349 claim accrued "when vehicles with defective brake systems were purchased, not 'when the brakes failed or when [the plaintiffs] had to pay for repairs of the faulty brakes'"); Bristol Vill., Inc. v. Louisiana-Pac. Corp., 170 F. Supp. 3d 488, 499 (W.D.N.Y. 2016) (finding that Section 349 claim accrued when defective product was installed and not when the plaintiff discovered alleged defect); Statler v. Dell, Inc., 775 F. Supp. 2d 474, 484 (E.D.N.Y. 2011) (holding that Section 349 claim accrued when product was purchased).

Here, there is no question but that any injury occurred on the date of purchase when, by Plaintiff's own account, she was induced by Defendant's statements to pay for a gelatin-containing vitamin. Parenthetically, Plaintiff does not claim that she overpaid for the Product as

9

compared to the higher priced Centrum Product – only that she purchased the Product as a low-cost gelatin-free alternative. In any event, as clearly stated in the Complaint, Plaintiff purchased the Product in 2015. She commenced this action in 2020. The GBL claims were thus commenced more than three years after the date of the purchase of the Product and are therefore time-barred.

Plaintiff makes no real argument to the contrary. Indeed, she states in her opposition to the motion that the law cited by Defendant is accurate. (Pl. Mem. of Law in Opp'n to Def. Mot. to Dismiss, DE [18], 7.) Further, she cites no case law applying her proposed discovery rule to her GBL claims. Instead, Plaintiff focuses on the fact that a key case relied upon by Defendant (in support of their preemption argument – not the timeliness issue) was decided in 2013 and, according to Plaintiff, this is "not the same world" that existed in 2013. (Id.) While this may be so, it is plainly insufficient to change the New York State statute of limitations, or in any way refute the fact that the GBL claims are time-barred.

Based on the foregoing, it is recommended that the motion to dismiss Plaintiff's GBL claims be granted.

    B.    The Remaining Claims Should be Dismissed for Failure to State A Claim

        1.    Breach of Contract

To state a claim for breach of contract, a plaintiff must plausibly allege: (1) existence of a contract; (2) performance by the plaintiff; (3) defendant's failure to perform; and (4) damages. See Yodice v. Touro Coll. and Univ. Sys., No. 21cv2026, 2021 WL 5140058, at *3 (S.D.N.Y. (Nov. 4, 2021). To state a claim for breach of warranty based upon product labeling, a plaintiff must plausibly allege "an affirmation of fact or promise by the seller, the natural tendency of which was to induce the buyer to purchase and that the warranty was relied upon [to] the plaintiff's detriment." Axon v. Citrus World, Inc., 354 F. Supp. 3d 170, 184-85

10

(E.D.N.Y. 2018) (quoting DiBartolo v. Abbott Labs., 914 F. Supp. 2d 601, 625 (S.D.N.Y. 2012)) (additional citation omitted).

Plaintiff argues that Defendant breached its contract with Plaintiff because it falsely promised that the Product was gelatin-free and "natural." (Pl. Mem. of Law in Opp'n to Def. Mot. to Dismiss 7.) She also argues that Defendant breached its duty to "disclose all ingredients, "including those ingredients that are not required to be disclosed by applicable law." (Id. (emphasis added).)

Plaintiff alleges no affirmative statements, generalized nor otherwise, with respect to the Product. Not only is there no "gelatin-free" claim, there is no other language that might have led Plaintiff to reasonably believe that the Product was free of the ingredient to which Plaintiff objects. Instead, Plaintiff bases her claim on a comparison between the labels of two competing products and no statement regarding the ingredient that Plaintiff states was affirmatively advertised. Any contractual claim based on the failure to communicate information that is plainly not required to be communicated cannot serve as the basis for a breach of contract claim. In sum, no theory alleged by Plaintiff is sufficient to support any plausible claim for breach of contract or any unpled claim for breach of warranty.

Accordingly, it is respectfully recommended that the motion to dismiss Plaintiff's breach of contract claim be granted.

2. Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must show: "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 586 (2d Cir. 2006) (citation omitted). A claim for unjust enrichment may not be used

"as a catchall . . . to be used when others fail . . . It is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Silva v. Hornell Brewing Co., Inc., No. 20-cv-756, 2020 WL 4586394, at *6 (E.D.N.Y. Aug. 10, 2020) (citations omitted). Additionally, where, as there, the "core theory of deception" provides the same basis as a defective contract claim, a claim of unjust enrichment is not stated and must be dismissed. See Cruz v. D.F. Stauffer Biscuit Co., Inc., 20-CV-2402, 2021 WL 5119395, at *10 (S.D.N.Y. Nov. 4, 2021).

Plaintiff's unjust enrichment claim must be dismissed as duplicative of her defective breach of contract claim. It is therefore recommended that Defendant's motion to dismiss Plaintiff's unjust enrichment claim be granted.

    C.    Injunctive Relief

Finally, the Court notes that even if Plaintiff asserted any plausible claim – which, as stated above, she does not – she lacks standing and therefore would not be able to pursue any class claim for injunctive relief. That is because she raises no issue regarding future harm by this Defendant. Indeed, she argues only that she might be harmed, in the future, by some unnamed company. Under these circumstances, any claim for injunctive relief – which cannot, in any event, be pursued in light of the foregoing recommendations – must be dismissed. See Berni v. Barilla S.p.A., 964 F.3d 141, 146–49 (2d Cir. 2020).

III.    Leave to Replead

Plaintiff has not sought leave to replead her claims, and the Court finds that, in any event, the right to replead should be denied. Plaintiff is represented by counsel and the present Complaint is replete with detailed factual matter making clear the basis for her allegations. Those allegations are plainly insufficient, and the Court cannot envision how a new pleading would further animate the facts so as to state a claim. This is especially true since there is no private

right of action under the FDCA. Trisvan v. Checkers Drive-In Rests., Inc., No. 16-CV-7000, 2020 WL 906635, at * 4 (E.D.N.Y. Feb. 18, 2020).

Moreover, another round of pleading followed by an inevitable motion to dismiss could not plausibly allege the existence of a contract – express or implied. Nor could plaintiff state a non-duplicative claim for unjust enrichment. In addition, the statute of limitations bar would continue to carry the day as to her GBL claims. See Qing Dong v. Town of N. Hempstead, No. 13-CV-0255, 2013 WL 6407724, at *4 (E.D.N.Y. Dec. 9, 2013) (dismissing claim with prejudice where any claim would be time-barred). The motion to dismiss should be granted without leave to replead.

## RECOMMENDATION

For the foregoing reasons, the Court respectfully recommends that Walgreen's motion to dismiss, appearing as Docket Entry [17] herein, be granted in its entirety.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to

object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED:**

Dated: Central Islip, New York
      November 22, 2020                     /s/    Anne. Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge