UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
SUNITA KANWAR, on
behalf of herself and all other similarly situated,

                           Plaintiff,

           -against-

WALGREEN COMPANY,

                          Defendant.
---------------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-cv-6256 (JMA)(AYS)

**AZRACK, United States District Judge:**

      Plaintiff Sunita Kanwar ("Plaintiff" or "Kanwar") commenced this action on December 25, 2020.  (ECF No. 1.)  On March 15, 2021, Defendant Walgreens Company ("Defendant" or "Walgreens") moved the dismiss the Complaint.  (ECF No. 17.)  On April 7, 2021, the late Honorable Sandra J. Feuerstein set August 9, 2021 as the date for completion of fact discovery. On June 15, 2021, this case was reassigned to this Court and Magistrate Judge Anne Y. Shields. On June 29, 2021, Defendant sought a stay of the fact discovery deadline set by Judge Feuerstein, which was denied by Magistrate Judge Shields on July 1, 2021.  (Electronic Order, 7/1/2021.) On October 21, 2021, the Court referred the motion to dismiss to Magistrate Judge Shields. (Electronic Order, 10/21/2021.)

      Before the Court are objections submitted by Plaintiff to Judge Shields' Report and Recommendation (hereafter "Recommendation" or "R&R").  The R&R recommends Defendant's motion to dismiss (ECF No. 17,) be granted in its entirety.  (ECF No. 19.) Plaintiff filed timely objections to the Recommendation, (ECF No. 25,) and Defendant timely responded to Plaintiff's Objections, (ECF No. 26.)   After conducting a review of the full record (including the motion

1

papers, R&R, and objections), and applicable law, the Court adopts Judge Shields' R&R in its entirety as the opinion of the Court.

In reviewing a magistrate judge's report and recommendation on a dispositive motion, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 5-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). Even for dispositive motions, the portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Judge Shields' R&R to which there are no specific objections. In particular that the Food, Drug, and Cosmetic Act (or "FDCA") requires the disclosure of gelatin without exception. (ECF No. 19 at 10.)

I next address the portions of the R&R to which Plaintiff have objected. The Plaintiff insists that, inter alia, her claims are not time-barred or duplicative, she has standing to seek injunctive relief, she may pursue alternative theories at this stage of the proceedings, and that she should be granted leave to replead. For Plaintiff's objections, I have undertaken a de novo review of the record, the R&R, and the objections, and I agree with Judge Shields' R&R.

For the foregoing reasons, the Court affirms and adopts the well-reasoned R&R in its entirety as the opinion of the Court. Accordingly, Defendant's motion to dismiss is granted in its entirety.

**SO ORDERED.**

Dated: December 21, 2021
Central Islip, New York

_____/s/____JMA_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE

2